## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

ALONZO GILLIAM, III                                                                                               PLAINTIFF
ADC # 98194

v.                                                      2:14CV00101-KGB-JJV

DEXTER PAYNE, Warden,
Wrightsville Unit; *et al.*                                                                                  DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Alonzo Gilliam, III ("Plaintiff") is an inmate of the Arkansas Department of Corrections ("ADC"). He filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming Defendants violated his constitutional rights. After careful review of the documents submitted, the Court concludes Plaintiff's Complaint (Doc. No. 2) should be dismissed for failure to state a claim upon which relief can be granted.

### II. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.     ANALYSIS

The Court finds that Plaintiff's Complaint should be dismissed based on the doctrine of *res judicata*. Plaintiff's current Complaint alleges an excessive force claim based on an incident that allegedly occurred on November 25, 2011 (Doc. No. 2 at 20). Plaintiff previously sued a similar list of defendants regarding this same incident. *Gilliam v. Barnes*, 2:12-cv-00091-JMM. He makes slightly different allegations in the current action, but the allegations unquestionably stem from the same set of facts.

Under *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994). The "prior judgment is binding . . . not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. . .[and] whether the present action is the same cause of action as the prior action depends on whether it 'arises out of the same nucleus of operative facts as the prior claim.'" *Id.* (quoting *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990)). Because the present case is nearly identical in every respect to the prior case and focuses on the same underlying facts, the Court finds that this case should be dismissed as barred by *res judicata*.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Plaintiff's Complaint (Doc. No. 2) is barred by *res judicata* and should be DISMISSED with prejudice.

2. Dismissal of Plaintiff's Complaint constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(G).[1]

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 22nd day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).