**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ALONZO GILLIAM, III,                                                                      PLAINTIFF
ADC# 098194

v.                                    **Case No. 2:14-cv-101-KGB-JJV**

DEXTER PAYNE,
**Warden, Wrightsville Unit; et al.**                                          DEFENDANTS

<u>ORDER</u>

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 4) and plaintiff Alonzo Gilliam's objections (Dkt. No. 9).  After carefully considering the objections and making a *de novo* review of the record, the Court approves and adopts in their entirety the Proposed Findings and Recommendations as this Court's findings in all respects.

The Court writes separately to address Mr. Gilliam's objections.  In the Proposed Findings and Recommendations, Judge Volpe recommends dismissing Mr. Gilliam's complaint based on the doctrine of *res judicata* because Mr. Gilliam previously sued a similar list of defendants based on actions involving the same November 25, 2011, incident at issue here.  In Mr. Gilliam's prior case, *Gilliam v. Barnes*, Case No. 2:12-cv-0091-JMM, the Court granted summary judgment as to Mr. Gilliam's claims alleging constitutional violations against defendants Michael Allen, Tony Barnes, Levester Butler, Steven Chapman, Fidel Cobb, Harrison Foreman, Ronnie Hoskin, Stephen Lane, James Lang, Marion Smith, and Antonio Warren.  The Court dismissed these claims with prejudice and entered judgment in favor of these defendants on January 14, 2014 (Case No. 2:12-cv-0091-JMM, Dkt. Nos. 261, 262).  Mr. Gilliam's state law tort claims of assault and battery against these defendants were dismissed without prejudice (*Id.*,

Dkt. No. 261).  Furthermore, in Mr. Gilliam's prior case, the Court granted summary judgment as to Mr. Gilliam's claims of inadequate medical care, deliberate indifference, and violations of due process against defendant Stormi Sherman, dismissing the claims with prejudice (Dkt. Nos. 232, 216).

Mr. Gilliam's claims in his prior case against defendant Clayton Brooks were dismissed without prejudice because of failure to effect service of process (Dkt. No. 109).  Mr. Gilliam's complaint from his prior case indicates that Mr. Gilliam's claims against Mr. Brooks were the same as the claims dismissed by the Court on January 14, 2014, claims asserting constitutional violations under the Eighth and Fourteenth Amendments alleging excessive force, violations of due process, failure to protect, cruel and unusual punishment, and deliberate indifference; and state law claims of assault and battery.

In the present action, Mr. Gilliam brings claims against Mr. Barnes, Mr. Brooks, Mr. Butler, Mr. Cobb, Mr. Foreman, Mr. Lane, Mr. Lang, Mr. Smith, and Ms. Sherman, all of whom were defendants in the prior case.  The only new defendants in the current case who were not defendants in Mr. Gilliam's previous case are defendants Dexter Payne, Corizon, and John Does, who are supervisors at Corizon.

Mr. Gilliam admits that "[t]he claims of this action did stem [sic] from the same incident and facts that occurred on Nov. 25, 2011," but he contends that this action "is not barred based on the doctrine of *res judicata*" because he does not "allege any constitutional claim of excessive force in this current action as he did in his previous suit, but only allege[s] the tort of assault & battery," which claims were dismissed without prejudice (Dkt. No. 4).  Mr. Gilliam also contends that this action should proceed because he includes claims against new defendants and

because his claims against Mr. Brooks were dismissed without prejudice for failure to effect service of process.

The Court rejects Mr. Gilliam's arguments and dismisses all of Mr. Gilliam's claims in this action. Any federal constitutional claims in the present action against Mr. Barnes, Mr. Butler, Mr. Cobb, Mr. Foreman, Mr. Lane, Mr. Lang, Mr. Smith, or Ms. Sherman—all of whom were defendants in Mr. Gilliam's prior action and for whom summary judgment was granted—are barred under the doctrine of *res judicata*. *See United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994) ("[A] final judgment on the merits bars further claims by parties or their privies based on the same cause of action. . . . "[T]he present action is the same cause of action as the prior action . . . [if] it arises out of the same nucleus of operative facts as the prior claim. . . . [A] litigant cannot attempt to relitigate the same claim under a different legal theory of recovery." (internal quotes omitted)).

Furthermore, to the extent that Mr. Gilliam now alleges federal constitutional claims against Mr. Brooks, who was dismissed from the prior action for lack of service of process, and new defendants Mr. Payne, Corizon, and John Does, these claims also are barred by the doctrine of *res judicata* as these defendants are in privity with the defendants who were granted summary judgment in Mr. Gilliam's prior action. *See Barclay v. Lowe*, 131 Fed. App'x 778, 779 (5th Cir. 2005) (dismissing *pro se* prisoner's claims of denial of medical care, discrimination, retaliation, and assault against defendants who were in privity with co-employee defendants in a different action because defendants' interests were adequately represented by those in the first suit "vested with the authority of representation"); *Alpert's Newspaper Delivery, Inc. v. The New York Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989); *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (dismissing case as duplicative and frivolous where the same allegations from a previous case

were asserted but a different defendant was named). Mr. Brooks and Mr. Payne were co-employees of the previously named defendants at the East Arkansas Regional Unit ("EARU"), and Corizon and John Does were the employer and co-employees, respectively, of Stormi Sherman (Dkt. No. 9, at 8-10). Mr. Gilliam's claims against Mr. Brooks and the new defendants stem from the same cause of action as his prior case (*See id.*). Therefore, Mr. Brooks and these new defendants' interests were adequately represented in the previous action by those who were "vested with the authority of representation" and who had a "sufficiently close relationship" with Mr. Brooks and the new defendants to be in privity under the doctrine of *res judicata*. *Barclay*, 131 Fed. App'x at 779; *McCarroll v. U.S. Fed. Bureau of Prisons*, Case No. 3:11-CV-934 VLB, 2012 WL 3940346, at *8 (D. Conn. Sept. 10, 2012); *Watson v. Mayo*, Case No. 07Civ.54(NRB), 2008 WL 538442, at *8 (S.D. N.Y. Feb. 26, 2008) ("Courts have routinely found privity between co-employees sued in separate suits over allegedly tortious acts that occurred during the course of their employment."); *Amadsau v. Bronx Lebanon Hosp. Ctr .*, 03Civ.6450(LAK)(AJP), 2005 WL 121746, at *8 (S.D.N.Y. Jan. 21, 2005) (finding employees and employer-defendant in prior litigation with same plaintiff to have "sufficiently close relationship" to be in privity for *res judicata* purposes).

As to Mr. Gilliam's state law tort claims, Mr. Gilliam argues these claims are not barred by the doctrine of *res judicata* because the Court in his prior action dismissed the claims without prejudice. The Court dismissed Mr. Gilliam's state law claims without prejudice in the prior action because the Court had dismissed Mr. Gilliam's federal constitutional claims and, thus, declined to exercise supplemental jurisdiction over the remaining state law tort claims under 28 U.S.C. § 1367. To the extent that Mr. Gilliam alleges only state law claims against these defendants in the present action, the Court lacks subject matter jurisdiction. To the extent that

Mr. Gilliam asserts federal claims and state law claims against these defendants and reasserts supplemental jurisdiction, the Court declines to exercise such jurisdiction over his state law claims as the Court has dismissed all of his federal claims against these defendants. *See* 28 U.S.C. § 1367.

The Court therefore orders that:

1. Mr. Gilliam's complaint is dismissed (Dkt. No. 2).

2. Mr. Gilliam's federal constitutional claims are dismissed with prejudice.

3. Mr. Gilliam's state law tort claims are dismissed without prejudice because the Court lacks subject matter jurisdiction.

4. The dismissal of Mr. Gilliam's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(G).

5. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

SO ORDERED this 12th day of May, 2015.

_____
Kristine G. Baker
United States District Judge